FILED

1    **ROBERT P. DAMONE, ESQ.** SBN 136588
     GLASER, DAMONE & SCHROEDER
2    590 WEST 8TH STREET
     SAN PEDRO, CALIFORNIA 90731
3    Telephone: (310)548-1307
     Telefax:   (310)548-1309
4

2009 JAN 16 PM 1:51

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT CALIF.
LOS ANGELES

BY _____

5    Attorneys for Plaintiffs

6

7               **UNITED STATES DISTRICT COURT**

8               **CENTRAL DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| 10   JUICY COUTURE, INC. and L.C. | CASE NO. |
| 11   LICENSING, | **COMPLAINT FOR:** |
| 12              Plaintiffs, | **1. VIOLATION OF SECTION 32 OF LANHAM ACT** |
| 13       v. | |
| 14   IL KEUN OH, aka "JAMES KEN OH", | **2. VIOLATION OF SECTION 43(c) OF LANHAM ACT** |
| 15   JACQUELINE OH, JOON YEOP KIM, ELEGANCE FASHION MART, INC. | **3. VIOLATION OF SECTION 43(a) OF LANHAM ACT** |
| 16      and DOES 1-10 inclusive, | |
| 17              Defendants. | **4. VIOLATION OF CAL. B&P SECTION 17200 ET SEQ.** |
| 18 | **5. VIOLATION OF CAL. B&P SECTION 14330** |
| 19 | |
| 20 | **6. VIOLATION OF CAL. B&P SECTION 14340** |
| 21 | **7. COMMON LAW TRADEMARK INFRINGEMENT** |
| 22 | |
| 23 | **8. COMMON LAW UNFAIR COMPETITION** |
| 24 | **DEMAND FOR JURY TRIAL** |
| 25 | |

26      Plaintiffs Juicy Couture, Inc. and L.C. Licensing, Inc. (together, "Plaintiffs")

27

28

allege as follows:

**THE PARTIES**

1.     Plaintiff Juicy Couture, Inc. ("Juicy") is a corporation organized and existing under the laws of the State of California with a principal place of business at 12720 Wentworth Street, Arleta, California 91331.  Juicy designs, manufactures and sells apparel, footwear, handbags, jewelry and other fashion-related products in the United States and internationally under, *inter alia*, the world famous trademarks and trade names JUICY, JUICY COUTURE, JUICY GIRL, CHOOSE JUICY and WEAR JUICY.  Although it has for many years been known as "Juicy" and "Juicy Couture," Juicy's corporate name prior to 2003 was Travis Jeans, Inc.  In 2003, Travis Jeans, Inc. was acquired by Liz Claiborne, Inc. ("Claiborne") and its corporate name was changed to Juicy Couture, Inc.

2.     After the acquisition of Juicy by Claiborne, Juicy trademarks were assigned to Claiborne's licensing subsidiary, plaintiff L.C. Licensing, Inc. ("LCL").  Plaintiff LCL is a corporation, organized and existing under the laws of the State of Delaware, having its principal place of business at 1441 Broadway, New York, New York 10018.  LCL is the owner of Juicy's trademarks and trademark registrations of the same in the United States and in many countries.  LCL also owns rights in numerous common law trademarks that include the word "JUICY."  LCL licenses these marks exclusively to Juicy.

3.     Plaintiffs are informed and believe and on that basis allege that defendants IL KEUN OH, aka "JAMES KEN OH" and JACQUELINE OH,  JOON YEOP KIM are  individuals residing in the County of Los Angeles, State of California and are

2

COMPLAINT

owners and operators of a business known as ELEGANCE FASHION MART, INC. ("ELEGANCE") with a principal place of business at Los Angeles, California. Plaintiffs are informed and believe and on that basis allege that defendant JOON YEOP KIM is an individual residing in the County of Los Angeles, State of California and is the business manager for defendant ELEGANCE.  Defendants ELEGANCE operates a discount store and website in the County of Los Angeles, State of California and have sold counterfeit JUICY products in the State of California and throughout the United States.

4.      The true names and capacities, whether individual, corporate, or otherwise, of defendants DOES 1 through 10, inclusive, are presently unknown to Plaintiffs, who therefore sue these defendants by their fictitious names.  Plaintiffs are informed and believe and on that basis allege that each of the defendants is in some manner responsible for the events and happenings herein referred to, and caused damage to Plaintiffs as herein alleged.  When Plaintiffs ascertain the true names and capacities of DOES 1 through 10, inclusive, Plaintiffs will seek leave of the Court to amend this Complaint by setting forth the same.

**JURISDICTION AND VENUE**

5.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. §§ 1116 and 1121 in that this action arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.* (the Lanham Act).  This Court has jurisdiction over the state law claims in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3

COMPLAINT

6.    This Court has personal jurisdiction over Defendants in that they are located and/or do business in the State of California.   In addition, each of the Defendants has sold counterfeit Juicy products in California and/or to persons and/or entities located in California and has caused Plaintiffs to suffer harm in California.

7.    Venue is proper in this Court under 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS

### Plaintiffs' Juicy Trademarks and Products

8.    LCL is the owner of (1) U.S. Trademark Reg. No. 2,285,232 for the mark JUICY for clothing, namely shirts, dresses, pants, skirts and jackets, (2) U.S. Trademark Reg. No. 2,348,674 for the mark JUICY COUTURE for women's clothing, namely, jackets, dresses, skirts, shorts, pants, shirts and t-shirts, and (3) U.S. Trademark Reg. No. 2,978,046 for the mark JUICY COUTURE for clothing, namely footwear, headwear, neckties, scarves, belts, shirts, sweaters, coats, suits, dressing gowns, hats, socks, caps, dresses, bathing suits, skirts, jackets, jogging suits, sweatshirts, sweatpants, shorts, jeans, pants, shirts, underwear, lingerie, swimwear, vests, blouses, overalls, tee shirts, stockings, tights, aprons, robes, pajamas, knit tops, camisoles, tank tops, gloves, undershirts, trousers, blazers, leggings, panties, bras, bustiers and teddies (collectively, the "Juicy Marks").  The registrations for all three Juicy Marks are valid and subsisting, and Trademark Registration Nos. 2,285,232 and 2,348,674 are incontestable.  True and accurate copies of these registrations are attached collectively as Exhibit A to this Complaint. LCL is also the owner of allowed federal trademark applications for JUICY, JUICY

4

COMPLAINT

COUTURE, JUICY GIRL and CHOOSE JUICY for use in connection with apparel, handbags, jewelry, accessories and cosmetics, as well as other goods and services and has all common law rights therein and thereto. Juicy also has made extensive common law use of the mark JUICY in composite marks and slogans.

9. Juicy is the creation of designers Pam Skaist-Levy and Gela Taylor, which line of clothing and fashion accessories bearing the Juicy Marks is sold under the brand names JUICY and JUICY COUTURE, and features stylish, high quality apparel in casual, comfortable designs ("Juicy Products").

10. Juicy Products are upscale brands sold in high-end department stores such as Barney's, Bloomingdale's, Neiman Marcus, Nordstrom and Saks Fifth Avenue, and in specialty fashion boutiques such as Scoop, Fred Segal and Henri Bendel. Juicy Products are easily recognized because a large portion of these products prominently display the mark JUICY or JUICY COUTURE on the product.

11. Plaintiffs and their Juicy products have generated and benefitted from a great deal of publicity and have become a staple of popular culture and entertainment. Fashion and women's magazines, including *Glamour*, *Cosmopolitan*, *Vogue*, *Harper's Bazaar*, *People*, *US Weekly*, and *Women's Wear Daily*, have praised Juicy Products for their stylish, comfortable and quality designs. Juicy Products have been featured by the press in numerous articles and appear frequently in pictorials showing current fashion trends. Juicy Products have also been the subject of television shows and news programs, such as *Oprah*, *Dateline NBC* and *The Today Show*. Juicy is widely recognized as a fashion phenomenon.

5

12.   Celebrities from the world of television, film and music have contributed to the Juicy phenomenon by frequently wearing Juicy Products. Photographs showing celebrities such as Britney Spears, Jennifer Aniston, Gwyneth Paltrow, Jennifer Lopez, Jessica Simpson, Cameron Diaz and Sarah Jessica Parker wearing Juicy Products are found regularly in the press.

13.   Juicy Products have also benefitted from characters wearing Juicy Products in popular television programs and motion pictures, such as *Will & Grace*, *The Gilmore Girls*, *The OC*, *Friends*, *Sex and the City*, *Six Feet Under*, *Charlie's Angels Full Throttle*, *Kill Bill Volume 2*, *Legally Blonde 2 Red White & Blonde* and *Anger Management*.

14.   Juicy's sales of Juicy Products have grown each year since the introduction of the brands.  The products distributed under the Juicy Marks include a wide variety of apparel, bags, wallets, belts, cases and jewelry, as well as other goods.  Juicy has continuously used the Juicy Marks in connection with the promotion and sale of its products and services since well before the acts and conduct of Defendants complained of herein, including in connection with sweatshirts, sweatpants, t-shirts, jewelry and tank tops.

15.   On account of the extensive use, promotion and publicity hereinabove alleged, the Juicy Marks have acquired enormous value, and inestimable goodwill, and have become extremely well-known and famous to the consuming public and trade as identifying and distinguishing a source of high quality, high fashion products.

6

COMPLAINT

### Defendants' Unlawful Acts

16.     Defendants, without authorization or license from Plaintiffs, have used, reproduced and/or copied the Juicy Marks in connection with distributing, exporting, importing, selling and offering to sell jewelry in interstate commerce, including in California. Many of the Counterfeit Products appear identical to Plaintiffs' Juicy Products. Plaintiffs are informed and believe and thereon allege that some or all of the counterfeit jewelry delivered and introduced into interstate commerce by defendants were of a misbranded, hazardous substance, which were household products that created a risk of injury to children because, as a household product not intended for children, it contained lead without precautionary labeling as required by Title 15, United States Code, Section 1261(f)(1) and as an article intended for use by children, it contained a hazardous amount of lead that is accessible for children to ingest.

17.     Plaintiffs are informed and believe and on that basis allege that Defendants purchased the Counterfeit Products from a source that was not authorized or licensed by Plaintiffs to offer for sale, or sell products bearing the Juicy Marks, under circumstances where they knew or should have known that the source was not authorized or licensed by Plaintiffs to offer for sale, or sell the products bearing the Juicy Marks.

18.     At all relevant times and in furtherance of their infringing activities, Defendants, without authorization or license from Plaintiffs, have used and continue to use the Juicy Marks on Counterfeit Products that are confusingly similar to Plaintiffs' Juicy Marks, in connection with Defendants' sale of the Counterfeit Products.

7

COMPLAINT

19.     The use by Defendants of the Juicy Marks on or in connection with the offering for sale, and sale and distribution of Counterfeit Products is likely to cause confusion, or to cause mistake or to deceive.

20.     The Counterfeit Products are not genuine Juicy Products bearing the Juicy Marks.  Plaintiffs did not manufacture, inspect or package the Counterfeit Products, and did not approve the Counterfeit Products for sale and/or distribution. Plaintiffs have inspected samples of the Counterfeit Products and determined them to be counterfeit.

21.     Defendants are not authorized to distribute, offer to sell or sell products bearing the Juicy Marks in connection with the Counterfeit Products or otherwise on products unauthorized by Plaintiffs.

## FIRST CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT AND COUNTERFEITING IN VIOLATION OF SECTION 32 OF THE LANHAM ACT)

22.     Plaintiffs reallege and incorporate paragraphs 1 through 21, inclusive, hereinabove, as though fully set forth herein.

23.     The Juicy Marks and the goodwill of the business associated with them in the United States and throughout the world are of great and significant value, are highly distinctive and arbitrary, and have become universally associated in the public mind with the products and services of the very highest quality and reputation finding their source in Plaintiffs.

8

COMPLAINT

24.    Without Plaintiffs' authorization or consent, and having knowledge of Plaintiffs' well-known and prior rights in the Juicy Marks, Defendants have distributed, advertised, offered for sale and/or sold their Counterfeit Products to the consuming public in direct competition with Plaintiffs, in or affecting interstate commerce.

25.    Defendants' acts have caused or are likely to cause confusion, mistake and deception among the general purchasing public as to the source of origin, sponsorship or approval of Defendants' Counterfeit Products in that purchasers and others in this District and elsewhere in the United States are likely to believe Plaintiffs authorize and control the sale of the Counterfeit Products in the United States or that the Counterfeit Products are associated with or related to Plaintiffs.

26.    Plaintiffs are informed and believe and on that basis allege that Defendants' acts have injured or are likely to injure Plaintiffs' image and reputation with consumers in this District and elsewhere in the United States by creating confusion about, and dissatisfaction with, Plaintiffs' Juicy Products.

27.    Plaintiffs are informed and believe and on that basis allege that Defendants' acts have injured or are likely to injure Plaintiffs' business reputation and relations with suppliers and their retail accounts in this District and elsewhere in the United States by causing customer dissatisfaction, a diminution of the value of the goodwill associated with the Juicy Marks, and a loss of sales and market share to Plaintiffs' competition.

9

COMPLAINT

28.   Plaintiffs are informed and believe and on that basis allege that Defendants' sale in this District and elsewhere in the United States of Counterfeit Products is a deliberate, intentional and willful attempt to injure Plaintiffs' business, to trade on Plaintiffs' business reputation, to confuse or deceive purchasers and to interfere with Plaintiffs' business relationships with its licensees and their retail accounts in this District and elsewhere in the United States.

29.   Defendants' acts constitute counterfeiting and willful infringement of Plaintiffs' exclusive rights in the Juicy Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30.   As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages to their valuable Juicy Marks, and other damages in an amount to be proved at trial.

31.   Defendants' sale of Counterfeit Products has greatly and irreparably damaged Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court. Plaintiffs have no adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from selling the Counterfeit Products.

**SECOND CLAIM FOR RELIEF**
**(TRADEMARK DILUTION IN VIOLATION OF**
**SECTION 43(c) OF THE LANHAM ACT)**

10

32.     Plaintiffs reallege and incorporate paragraphs 1 through 31, inclusive, hereinabove, as though fully set forth herein.

33.     The Juicy Marks are "famous marks" worldwide within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1), as a result of Plaintiffs' continuous and exclusive use of the Juicy Marks in connection with the Juicy Products and services.  The Juicy Marks became famous marks prior to Defendants' conduct as alleged herein.

34.     Because the Juicy Products have gained a reputation for superior quality and excellence, the Juicy Marks have gained substantial renown and reputation.

35.     Defendants have used and continue to use the Juicy Marks on or in connection with the distribution, advertising, offer for sale and/or sale of the Counterfeit Products without the authorization of Plaintiffs.

36.     Plaintiffs are informed and believe and on that basis allege that Defendants' unauthorized use in commerce of the Counterfeit Products dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Juicy Marks, and was done with the willful intent to trade on Plaintiffs' reputation and/or to cause dilution of the Juicy Marks.

37.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages to its valuable Juicy Marks, and other damages in an amount to be proved at trial.

11

COMPLAINT

38.   Defendants' sale of Counterfeit Products has greatly and irreparably damaged Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court. Plaintiffs have no adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from selling the Counterfeit Products.

## THIRD CLAIM FOR RELIEF
### (FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT)

39.   Plaintiffs reallege and incorporate paragraphs 1 through 38, inclusive, hereinabove, as though fully set forth herein.

40.   As a result of the experience, care, and service of Juicy in producing and providing the Juicy Products, the Juicy Products have become widely known and have acquired a worldwide reputation for excellence. Moreover, the Juicy Marks have become associated with the Juicy Products, and have come to symbolize the reputation for quality and excellence of the Juicy Products. As such, the Juicy Marks have attained secondary meaning. The Juicy Marks are also inherently distinctive.

41.   Defendants' use of the Juicy Marks on or in connection with the Counterfeit Products, as alleged above, is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of the Counterfeit Products, and is likely to cause such people to believe in error that the Counterfeit Products have been authorized,

12

sponsored, approved, endorsed, or licensed by Plaintiffs, or that Defendants are in some way affiliated with Plaintiffs.

42.     Defendants' acts constitute false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendants' goods in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a), in that Defendants' use in interstate commerce of the Juicy Marks, on or in connection with the Counterfeit Products, constitutes a false designation of origin and unfair competition.

43.     Plaintiffs are informed and believe and on that basis allege that Defendants' unauthorized use of the Juicy Marks on or in connection with their Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiffs.  Plaintiffs are informed and believe and on that basis allege that Defendants have used and continue to willfully use the Juicy Marks with the intent to confuse, mislead, or deceive customers, purchasers and members of the general public as to the origin, source, sponsorship or affiliation of the Counterfeit Products, and with the intent to trade on Plaintiffs' reputation and goodwill.

44.     Plaintiffs are informed and believe and on that basis allege that as a direct result of Defendants' conduct, Plaintiffs have suffered damages to its valuable Juicy Marks, and other damages in an amount to be proved at trial.

45.     Defendants' sale of Counterfeit Products has greatly and irreparably damaged Plaintiffs and will continue to so damage Plaintiffs unless restrained by this

13

Court.  Plaintiffs have no adequate remedy at law.  Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from selling the Counterfeit Products.

## FOURTH CLAIM FOR RELIEF

### (UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200)

46.    Plaintiffs reallege and incorporate paragraphs 1 through 45, inclusive, hereinabove, as though fully set forth herein.

47.    Defendants' acts as alleged above constitute unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq*.  Specifically, Defendants have been and are passing off the Counterfeit Products as those of Plaintiffs, which has caused or is likely to cause confusion, mistake and deception among the general purchasing public as to the source of origin, sponsorship or approval of Defendants' Counterfeit Products in that purchasers and others are likely to believe Plaintiffs authorize and control the sale of the Counterfeit Products or that the Counterfeit Products are associated with or related to Plaintiffs.

48.    Defendants' sale of Counterfeit Products has greatly and irreparably damaged Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court.  Plaintiffs have no adequate remedy at law.  Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from selling the Counterfeit Products.

COMPLAINT

## FIFTH CLAIM FOR RELIEF
## (TRADEMARK DILUTION IN VIOLATION OF
## CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 14330)

49.     Plaintiffs reallege and incorporate paragraphs 1 through 48, inclusive, hereinabove, as though fully set forth herein.

50.     Defendants' acts, specifically those alleged in paragraphs 16 through 20 and paragraphs 23 through 26 hereinabove, are likely to dilute and tarnish the Juicy Marks and damage the business reputation of Plaintiffs in violation of Cal. Bus. & Prof. Code § 14330.

51.     Defendants' sale of Counterfeit Products has greatly and irreparably damaged Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court. Plaintiffs have no adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from selling the Counterfeit Products.

## SIXTH CLAIM FOR RELIEF
## (COUNTERFEITING IN VIOLATION OF
## CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 14340)

52.     Plaintiffs reallege and incorporate paragraphs 1 through 60, inclusive, hereinabove, as though fully set forth herein.

15

COMPLAINT

53.     Defendants' acts, specifically those alleged in paragraphs 16 through 20 and paragraphs 23 and 24 hereinabove, are likely to dilute and tarnish the Juicy Marks and damage the business reputation of Plaintiffs in violation of Cal. Bus. & Prof. Code § 14330.

54.     Defendants' sale of Counterfeit Products has greatly and irreparably damaged Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court.  Plaintiffs have no adequate remedy at law.  Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from selling the Counterfeit Products.

## SEVENTH CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT IN VIOLATION OF COMMON LAW)

55.     Plaintiffs reallege and incorporate paragraphs 1 through 54, inclusive, hereinabove, as though fully set forth herein.

56.     Defendants' acts, specifically those alleged in paragraphs 16 through 20 and paragraphs 23 through 27 hereinabove, constitute willful infringement of Plaintiffs' exclusive rights in the Juicy Marks in violation of the common law of the State of California.

57.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages to their valuable Juicy Marks, and other damages in an amount to be proved at trial.

16

COMPLAINT

58.   Defendants' sale of Counterfeit Products has greatly and irreparably damaged Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court.  Plaintiffs have no adequate remedy at law.  Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from selling the Counterfeit Products.

## EIGHTH CLAIM FOR RELIEF
## (UNFAIR COMPETITION IN VIOLATION OF COMMON LAW)

59.   Plaintiffs reallege and incorporate paragraphs 1 through 58, inclusive, hereinabove, as though fully set forth herein.

60.   Defendants' acts have and continue to mislead and deceive the public as to the source of Defendants' Counterfeit Products, permit and accomplish palming off of Defendants' goods as those of Plaintiffs', and falsely suggest a connection with Plaintiffs.  Therefore, Defendants have committed unfair competition in violation of the common law of the State of California.

61.   As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages to their valuable Juicy Marks, and other damages in an amount to be proved at trial.

62.   Defendants' sale of Counterfeit Products has greatly and irreparably damaged Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court.  Plaintiffs have no adequate remedy at law.  Accordingly, Plaintiffs are

COMPLAINT

entitled to, among other things, an order enjoining and restraining Defendants from selling the Counterfeit Products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.      That Defendants, their officers, agents, servants, employees, and attorneys, their successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action, and permanently thereafter from:

        a.      manufacturing, distributing, marketing, selling or offering for sale any Counterfeit Products;

        b.      representing that any Counterfeit Products advertised, promoted, offered for sale or sold by Defendants originates from, is licensed, endorsed or authorized by, or is otherwise associated with Plaintiffs, or that the Counterfeit Products are genuine;

        c.      otherwise using the Juicy Marks or any reproduction, counterfeit copy or colorable imitation thereof in any manner likely to cause confusion as to the service, origin, sponsorship or affiliation of Defendants, or any products advertised, promoted, offered for sale or sold by Defendants;

        d.      otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

        e.      assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (d).

18

2.     That Defendants be required to deliver up to Plaintiffs any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in this possession of Defendants or under their control bearing any of the Juicy Marks, or each of them, alone or in combination with any other words, or used in connection with the advertising, offering for sale or sale of Counterfeit Products, or Juicy Products not made by or under the authorization and control of Plaintiffs;

3.     That Defendants be required to supply Plaintiffs with a complete list of entities from whom they purchased and to whom they distributed and/or sold the Counterfeit Products;

4.     That Defendants be required to deliver up for destruction their entire inventory of the Counterfeit Products;

5.     That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs 1 through 4, *supra*;

6.     That Defendants account for and pay over to Plaintiffs all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that the amount of disgorgement for infringement of Plaintiffs' registered trademarks be increased by a sum not exceeding three times the amount thereof as provided by law and that the Court impose whatever temporary, preliminary and final equitable relief if necessary to achieve the foregoing, including but not limited to, the imposition of a constructive trust;

7.     That Plaintiffs be awarded actual damages in an amount to be determined at trial and that the amount of damages for infringement of Plaintiffs

COMPLAINT

registered trademarks be increased by a sum not exceeding three times the amount thereof as provided by law;

8.     That Plaintiffs be awarded statutory damages of $1,000,000 for Defendants' willful counterfeiting of each of the Juicy Marks, for a total of $3,000,000;

9.     That Plaintiffs be awarded their reasonable attorneys' fees and costs of suit incurred herein; and

10.    That Plaintiffs have such other and further relief as the Court deems just and equitable.

Dated: 1/7/0 9

GLASER, DAMONE & SCHROEDER

BY: _____
Robert P. Damone, Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands trial by jury in this action.

Dated: 1/7/09

GLASER, DAMONE & SCHROEDER

BY: _____
Robert P. Damone, Attorneys for Plaintiff

20

COMPLAINT

Exhibit A



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

April 04, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,978,046 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *July 26, 2005*

SAID RECORDS SHOW TITLE TO BE IN:
   *L.C. LICENSING, INC.*
   *A DELAWARE CORPORATION*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

P. SWAIN
Certifying Officer

Int. Cls.: 14 and 25

Prior U.S. Cls.: 2, 22, 27, 28, 39, and 50

**United States Patent and Trademark Office**

Reg. No. 2,978,046
Registered July 26, 2005

## TRADEMARK
### PRINCIPAL REGISTER

## JUICY COUTURE

L.C. LICENSING, INC. (DELAWARE CORPORA-
TION)
1441 BROADWAY
NEW YORK, NY 10018

FOR: JEWELRY, CUFFLINKS, BRACELETS, PEN-
DANTS, JEWELRY PINS, EARRINGS, RINGS,
NECKLACES AND PILL BOXES, IN CLASS 14 (U.S.
CLS. 2, 27, 28 AND 50).

FIRST USE 2-0-2004; IN COMMERCE 2-0-2004.

FOR: CLOTHING, NAMELY, FOOTWEAR,
HEADWEAR, NECKTIES, SCARVES, BELTS,
SHIRTS, SWEATERS, COATS, SUITS, DRESSING
GOWNS, HATS, SOCKS, CAPS, DRESSES, BATHING
SUITS, SKIRTS, JACKETS, JOGGING SUITS,
SWEATSHIRTS, SWEATPANTS, SHORTS, JEANS,
PANTS, SHIRTS, UNDERWEAR, LINGERIE, SWIM-
WEAR, VESTS, BLOUSES, OVERALLS, TEE SHIRTS,

STOCKINGS, TIGHTS, APRONS, ROBES, PAJAMAS,
KNIT TOPS, CAMISOLES, TANK TOPS, GLOVES,
UNDERSHIRTS, TROUSERS, BLAZERS, LEG-
GINGS, PANTIES, BRAS, BUSTIERS, TEDDIES, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 6-0-1997; IN COMMERCE 6-0-1997.

OWNER OF U.S. REG. NO. 2,348,674.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "COUTURE" FOR THE GOODS IN
CLASS 25, APART FROM THE MARK AS SHOWN.

SN 76-977,226, FILED 2-28-2002.

KARANENDRA S. CHHINA, EXAMINING ATTOR-
NEY



7061119

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

### United States Patent and Trademark Office

#### April 04, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,348,674* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *May 09, 2000*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
*L.L. LICENSING, INC.*
*A DELAWARE CORPORATION*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

P. SWAIN
Certifying Officer

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

United States Patent and Trademark Office

Reg. No. 2,348,674

Registered May 9, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## JUICY COUTURE

TRAVIS JEANS, INC. (CALIFORNIA CORPO-
RATION)
12970 BRANFORD STREET
ARLETA, CA 91331

FOR: WOMEN'S CLOTHING, NAMELY,
JACKETS, DRESSES, SKIRTS, SHORTS,
PANTS, SHIRTS, AND T-SHIRTS, IN CLASS 25
(U.S. CLS. 22 AND 39).

FIRST USE 6-0-1997; IN COMMERCE
6-0-1997.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "COUTURE", APART FROM
THE MARK AS SHOWN.

SER. NO. 75–743,731, FILED 7-2-1999.

MARIA-VICTORIA SUAREZ, EXAMINING AT-
TORNEY



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

April 04, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,285,232 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 10 YEARS FROM   October 12, 1999
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   L.C. LICENSING, INC.
   A DELAWARE CORPORATION

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

P.  SWAIN
Certifying Officer

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,285,232

## United States Patent and Trademark Office

Registered Oct. 12, 1999

### TRADEMARK
### PRINCIPAL REGISTER

### JUICY

TRAVIS JEANS, INC. (CALIFORNIA CORPO-
RATION)
12970 BRANFORD AVENUE, #G
ARLETA, CA 91331

FOR: CLOTHING, NAMELY, SHIRTS,
DRESSES, PANTS, SKIRTS AND JACKETS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-15-1996; IN COMMERCE
10-30-1996.

SER. NO. 75-538,291, FILED 8-18-1998.

HAE PARK, EXAMINING ATTORNEY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV09- 387 CBM (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUICY COUTURE, INC. and L.C. LICENSING,<br><br>PLAINTIFF(S)<br>v.<br>IL KEUN OH, aka "JAMES KEN OH",<br>JACQUELINE OH, JOON YEOP KIM, ELEGANCE<br>FASHION MART, INC. and DOES 1-10 inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):  The Above Named Defendants

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  ROBERT P. DAMONE, ESQ._____, whose address is  590 WEST 8TH STREET, SAN PEDRO, CALIFORNIA 90731 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ **JAN 1 6 2009** _____

By: _Natalie Mangonia_

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JUICY COUTURE, INC. and L.C. LICENSING, | IL KEUN OH, aka "JAMES KEN OH", JACQUELINE OH, JOON YEOP KIM, ELEGANCE FASHION MART, INC. and DOES 1-10 inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| ROBERT P. DAMONE, ESQ.    (SBN 136588) GLASER, DAMONE & SCHROEDER 590 WEST 8TH STREET, SAN PEDRO, CA 90731 | |

| II. BASIS OF JURISDICTION (Place an X in one box only.) | III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.) | | | | |
|---|---|---|---|---|---|
| | | PTF | DEF | | PTF DEF |
| ☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4   ☐ 4 |
| ☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5   ☐ 5 |
| | Citizen or Subject of a Foreign Country   ☐ 3 | ☐ 3 | | Foreign Nation | ☐ 6   ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ ACCORDING TO PROOF

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1114/Lanham Act 43(a); 17 USC 501(a); 15 USC 1125(a); 15 USC 1125(c); CA Bus & Prof Code 14330; CA Civil Code 980; Trademark & Copyright Infringmnt

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  1-13-09

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |