1  Robert P. Damone, Esq.  SBN 136588
   GLASER, DAMONE & SCHROEDER
2  400 OCEANGATE, SUITE 800
   LONG BEACH, CA 90802
3  TELEPHONE NO.: (562) 983-3130
   TELEFAX NO.:  (562)983-9335
4

5  Attorneys for Plaintiffs
   robdamone@yahoo.com
6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10
   JUICY COUTURE, INC. AND L.C.)   Case No.  CV09-0387CBM (PJWx)
11 LICENSING,                    )
                                 )   PLAINTIFFS JUICY COUTURE,
12              Plaintiffs,      )   INC. AND L.C. LICENSING'S
                                 )   MEMORANDUM OF LAW IN
13 v.                            )   SUPPORT OF ITS MOTION FOR
                                 )   DEFAULT JUDGMENT AND
14 IL KEUN OH, ET AL.,           )   PERMANENT INJUNCTION
                                 )
15                               )
                                 )   Date: July 19, 2010
16                               )   Time: 10:00 am
                                 )   Courtroom: 2
17                               )
                Defendants,      )   Before the Hon. Consuelo B. Marshall
18                               )
19

20

21

22

23

24

25

26

27                              1

28 **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION**

   **FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

1    Plaintiffs Juicy Couture, Inc. and L.C. Licensing (collectively "Juicy")
2    respectfully submits this Memorandum in support of its Motion for Default
3    Judgment and Permanent Injunction against the following defendants:

4
5       1.    Il Keun Oh aka James Ken Oh;
6       2.    Joon Yeop Kim;
7       3.    Elegance Fashion Mart, Inc.;
8       4.    Jacqueline Oh.
9
10   Juicy filed this action after confirming that each of the above mentioned
11   defendants engaged in the willful distribution of infringing Juicy jewelry. Each
12   defendant identified was served by substitute service at defendant's Elegance's place
13   of business with the Summons and Complaint pursuant to the proofs of service filed
14   with this Court, but failed to respond to Juicy's Complaint for 1) Violation of
15   Section 32 of the Lanham Act; 2) Violation of Section 43© of the Lanham Act; 3)
16   Violation of Section 43(a) of the Lanham Act; 4) Violation of B&P section 17200 et
17   seq.; 5) Violation of Cal. B&P section 14430; 6) Violation of Cal. B&P section
18   14340; 7)Common Law Trademark Infringement; 8) Common Law Unfair
19   Competition.  In light of each defendants' failure to defend himself, herself or itself,
20   the Clerk of this Court entered default against Il Keun Oh aka James Ken Oh; Joon
21   Yeop Kim; Elegance Fashion Mart, Inc. and; Jacqueline Oh on June 24, 2009.
22   Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Juicy seeks entry
23   of default judgment against each defendant for an award of statutory damages and
24   attorney's fees and costs.  Juicy also seeks entry of a permanent injunction to prevent
25   each defendant from infringing its trademarks in the future.

26
27                                         2
28
     **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION**
     **FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

# I. FACTUAL BACKGROUND

Juicy filed this action on January 16, 2009 to recover damages from defendants' distribution of infringing Juicy jewelry and/or apparel.  Juicy designs, develops, manufactures, markets, distributes and sells apparel, footwear, handbags, jewelry and other fashion-related produces under *inter alia,* the world famous trademarks and trade names JUICY, JUICY COUTURE, JUICY GIRL, CHOOSE JUICY and WEAR JUICY for both men and women under the Juicy Couture program. (Complaint Para. 1, 8-15) Juicy holds a number of trademarks that Juicy has registered with the United States Patent and Trademark Office. (Complaint Para. 8).

Defendants Il Keun Oh aka James Ken Oh, Jacqueline Oh and Joon Yeop Kim are individuals residing in Los Angeles County and are the owners and operators of a business known as Elegance Fashion Mart, Inc. (Defendant) with its principal place of business in Los Angeles, California. (Complaint Para. 3).

Defendants, without authorization or license from Plaintiffs, have used, reproduced and/or copied Juicy Marks in connection with distributing, exporting, importing, selling and offering to sell infringing jewelry and/or garments. (Complaint para. 16-21, 24)

Defendants' willful infringement were not isolated incidents, but rather a part of a continuous and ongoing business practice of each defendant in blatant violation of Juicy's trademarks. (Complaint para. 28, 29, 35, 43, 56, 60)

On January 16, 2009, Juicy filed its Complaint against defendants, requesting damages, the entry of a permanent injunction, and attorney's fees and costs.  The Complaint was personally served on each defendant. (Declaration of Robert P. Damone para. 2).  Proofs of service were filed with the Court.  None of the above-referenced defendants nor anyone claiming to represent a defendant filed an answer or otherwise responded to the Complaint by the time allowed under Rule 12 of the Federal Rules of

3

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

1    Civil Procedure. (Declaration of Robert P. Damone, para. 4). Thus, upon request from

2    Juicy, the Court's Clerk entered default against the defendants on June 24, 2009.

3        On April 20, 2010, the three individual defendants acknowledged they owned and

4    operated the corporate defendant and entered into a plea agreement acknowledging guilt

5    for trafficKing in, among other things, Juicy counterfeits in the criminal case arising out

6    of the same set of facts.  See Declaration of Robert P. Damone.

7        Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Juicy respectfully

8    requests that the Court enter a default judgment against each defendant, award Juicy

9    statutory damages in the amount of $100,000.00 against each defendant, award Juicy's

10    attorneys fees in the amount of $9,200.00, and issue a permanent injunction against

11    each defendant to prevent future infringement.

12

13                       **II. DISCUSSION**

14        Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party

15    against whom a judgment for affirmative relief is sought has failed to plead or otherwise

16    defend as provided by these rules and that fact is made to appear by affidavit or

17    otherwise," default judgment may be entered.  Fed.R.Civ. P. section 55(a).  Based on

18    the Complaint and Declaration of Robert P. Damone, Juicy has satisfied the conditions

19    of Rule 55(b), establishing that each of the defendants identified has failed to plead and

20    meets no exception to default. (See, Damone Decl., para. 3-5).  Accordingly, a default

21    judgment should be entered against each defendant identified because Juicy has

22    satisfied the conditions of Federal Rules of Civil Procedure section 55, and the factual

23    allegations in its Complaint, now deemed true, establish Juicy's claims.

24    **A.**      **Defendants Should Be Held Liable for All Claims Alleged.**

25        After a defendant's default is entered by the court clerk, the well-pleaded factual

26    allegations of the complaint are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826

27

28    **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION**
      **FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

F.2d 915, 917 (9th Cir. 1987); *see also Microsoft Corp. v. McGee*, 490 F. Supp.2d 874, 878 (S.D. Ohio 2007)(citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995))(holding that once a default is entered against a defendant, "that party is deemed to have admitted all of the well pleaded allegations in the complaint"). Where the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment, the court then conducts an inquiry to ascertain the amount of damages. *See Arista Records, Inc. v. Beker Ent., Inc.*, 298 F.Supp.2d 1310, 1311-12 (S.D. Fla 2003)

The facts alleged in Juicy's Complaint, now deemed true, establish its claims of trademark infringement and unfair competition. Specifically, each defendant was under investigation and was distributing numerous Juicy counterfeit items. Thus, defendants willfully infringed Juicy's trademarks pursuant to 17 U.S.C. section 501, et seq. and 15 U.S.C. section 1114. See, *Microsoft Corp. v. McGee*, 490 F.Supp.2d at 878 (defendant defaulted, so court looked to factual allegations in complaint and held that defendant was warned about infringement, subsequently repeated the infringing act, and thus, willfully violated Copyright Act and Lanham Act). Accordingly, the Court should find each defendant identified liable for violation of the Lanham Act.

Defendants' distribution further constitutes false designation of origin, false description and false representation that the infringing Juicy products distributed by the defendants were made by or is sponsored, approved or authorized by Juicy, in violation of 15 U.S.C. section 1125(a).

Finally, Defendants' distribution of infringing Juicy products constitutes an action for trademark dilution under U.S.C. section 1125(c) and *California Business & Professions Code* sections 14330 & 14340, unfair competition and common law trademark infringement.

Default having been established, and the factual allegations in the Complaint deemed true, this Court should enter default judgment against defendants, holding them

5

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

liable on all claims.

**B.      Ninth Circuit *Eitel* Factors Strongly Favor Court Entering Default Judgment.**

The Ninth Circuit has enumerated the following factors for a district court to consider when determining whether to grant a default judgment:

> (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong public policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F. 2d 1470, 1471-72 (9th Cir. 1986).

"In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.* 189 F.R.D. 431, 432 (C.D. Ca. 1999).

In this case, the enumerated factors weigh heavily in favor of granting default judgment. Juicy would unquestionably suffer prejudice if the default judgment is not entered because Juicy would be without any other recourse for recovery. *See, PepsiCo v. Cal.Sec. Cans.,*238 F.Supp.2d 1172, 1177(C.D. Cal. 2002)("[p]otential prejudice to [plaintiff] favors granting a default judgment."). Juicy's Complaint properly alleged the necessary elements for each cause of action, leaving the Court the capacity to grant relief as to all of them. This satisfies *Eitel* factors two and three, which simply "require that a plaintiff state a claim on which [it] may recover." *Cal.Sec. Cans.,* 238 F. Supp.2d at 1175 (citations and quotations omitted); *see also, Philip Morris USA Inc. v. Castworld Productions, Inc.,* 219 F.R.D. 484, 499(C.D. Cal. 2003). As for the fourth *Eitel* factor, Juicy seeks only appropriate statutory damages, of which it is entitled under

6

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

federal law. Furthermore, pursuant to the fifth and sixth *Eitel* factors, there is virtually no possibility of dispute as to material fact or excusable neglect in this case. *See Castworld Productions*, 219 F.R.D. at 500-01. The facts which are now admitted show that Juicy has obtained clear evidence of each of the defendants identified distribution of infringing software through investigation, and Juicy personally served each defendant with the Summons and Complaint giving them clear notice of their responsibility to answer. And, as for the final *Eitel* factor, each defendants' failure to answer Juicy's Complaint makes a resolution on the merits impossible. *Cal.Sec. Cans.*, 238 F. Supp.2d at 1177 (Under FRCP 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action.").

**C.    This Court Should Award Juicy Statutory Damages for Defendants' Trademark Infringement.**

Unable to seek actual damages, Juicy is left with no choice but to seek statutory damages. "[S}tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft v. McGee,* 490 F.Supp.2d at 882; *see also, PetMed Express, Inc. V. MedPets.com, Inc.,* 336 F. Supp.2d 1213, 1217 (S.D. Fla. 2004). *Tiffany Inc. v. Luban,* 282 F.Supp.2d 123, 123 (S.D.N.Y. 2003). Here, because Defendants refused to defend, Juicy could not conduct formal discovery. Thus, it is particularly appropriate for this Court to award Juicy the statutory damages available under the Lanham Act.

**1.    The Lanham Act Provide for Statutory Damages.**

The Lanham Act has provisions authorizing an award of statutory damages in lieu of actual damages. The statutory damage provision for trademark infringement, section 1117(c), was added in 1995 for the very reason that "counterfeit records are frequently nonexistent, inadequate, or deceptively kept...making proving actual damages in these cases extremely difficult if not impossible.". *Tiffany,* 282 F.Supp.2d at 124 (citing

7

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

1   S.Rep. No. 177, 104th Cong. 1995);   *see also Cable/Home Commc'n Corp. v. Network*

2   *Productions, Inc.,* 902 F.2d 829, 850 (11th Cir. 1990)("Generally, statutory damages are

3   awarded when no actual damages are proven, or actual damages and profits are difficult

4   or impossible to calculate").   Statutory damages are especially fitting in default

5   judgment cases due to infringer nondisclosure. *See Sara Lee Corp. v. Bags of N.Y., Inc.,*

6   36 F.Supp.2d 161, 165 (S.D.N.Y. 1999);        *see also Tiffany,* 282 F.Supp.2d at 123;

7   *Castworld Productions, Inc.,* 219 F.R.D. at 494;        *PetMed Express, Inc. V.*

8   *MedPets.com, Inc.,* 336 F. Supp.2d at 1220.

9         The statutory damages for trademark infringement are available for up to

10  $100,000 per counterfeit trademark infringed, regardless of willfulness, and enhanced

11  up to $1,000,000 per mark if the infringement is willful. 15 U.S.C. section 1117(c). If

12  statutory damages are elected, as they are in this case, this Court has wide discretion to

13  determine the amount of statutory damages to be awarded. *Peer Int'l Corp. v. Pausa*

14  *Records, Inc.* 909 F.2d 1332, 1336 (9th Cir. 1990); *See also Harris v. Emus Records*

15  *Corp.,* 734 1329, 1335 (9th Cir. 1984) (affirming award of maximum damages).

16        Because Defendants' conduct violated the Lanham Act and each defendant failed

17  to respond properly to Juicy's allegations, Juicy exercises its right to elect statutory

18  damages under said statute.

19        **2.      Defendants Willfully Infringed Juicy's Trademarks.**

20        Willfulness can be inferred from defendant's failure to defend. *Philip Morris*

21  *USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 500 (C.D. Cal. 2003)(holding that

22  defendant willfully infringed plaintiff's trademark based on plaintiff's allegations of

23  willful infringement and defendant's "failure to comply with the judicial process or to

24  participate in any way in the present litigation."); *see Fallaci v. New Gazette Literacy*

25  *Corp.,* 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983); *see also   Tiffany,* 282 F.Supp.2d at

26  124("By virtue of the default, the [defaulting party's] infringement is deemed willful.");

27

8

28  **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION**
    **FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

*Arista Records, Inc.,* 298 F.Supp.2d at 1313 (the court may infer willful infringement because of default.). Thus, under the circumstances of this case, it is absolutely appropriate for he Court to find that Defendants' infringement was willful.

This Court need not rely on this inference alone, as the admitted facts show that Defendants' acts of infringement were willful. An infringement is willful under the Copyright Act if the defendant had knowledge that his conduct was infringing or the defendant acted with reckless disregard for the copyright holder's rights. *See Sega Entertainment v. MAPHIA,* 948 F.Supp. 923, 936 (N.D. Cal. 1996); *See also, Knitwaves, Inc. V. Lollytogs Ltd.,* 71 F.3d 996, 1010-11 (2nd Cir. 1995)("Knowledge of infringement may be constructive rather than actual; that is, "it need not be proven directly but may be inferred from the defendant's conduct...[R]eckless disregard of the copyright holder's rights...suffices..."). Similarly, in Lanham Act cases, an infringement is willful where the defendant acted with "willful blindness to the trademark holder's rights." 15 U.S.C. section 1117(b); *Microsoft Corp. V. Grey Computer,* 910 F.Supp. 1077, 1093 (D. Md. 1995).

Here each defendant were subject to investigations and were caught red handed with hundreds of thousands of counterfeit items, including Juicy counterfeit products. (See Declaration of Kris Buckner). Criminal charges were actually brought against the individual defendants. See *United States of America v. Il Keun Oh, aka James Ken Oh, Jacqueline Oh and Joon Yeop Kim* USDC No. CR 08 01389 alleging, among other things, Trafficking in Counterfeit Goods and Introduction and Delivery of Hazardous Substance. A finding of willfulness on the part of each defendant is justified under these circumstances.

### 3. Although Defendants Infringed Willfully, Juicy Seeks Only Statutory Damages Available for Non-Willful Infringement.

As established above, Juicy is entitled to statutory damages under the Lanham

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Act where infringement was willful. To sanction defendants for willful infringement, and to deter defendants and others from future infringing behavior, Juicy is entitled to seek statutory damages of up to $1,000,000 for each trademark willfully infringed. However, Juicy requests only $100,000 from each defendant for statutory damages well within the statutory damages available for *non-willful* trademark infringement by this motion.

The damages award sought by Juicy is within the range of awards for damages in factually similar cases across the country. *See, e.g. Microsoft Crop. v. McGee,* 490 F. Supp.2d at 882 (after default, awarding statutory damages of $100,000 per five trademarks at issue and $30,000 per seven copyrights at issue for a total of $710,000); *Arista Records, Inc.* 298 F. Supp.2d at 1314 (after default, awarding statutory damages of $35,000 per 54 infringements alleged for a total of $1,890,000); *Tiffany,* 282 F.Supp.2d at 125(awarding $550,000 in statutory damages after default); *Microsoft Corp. v. Sellers,* 411 F. Supp.2d at 921-22 (awarding maximum amount of statutory damages for non willful infringement in an amount of $460,000 on summary judgment). As these cases illustrate, the amount of statutory damages requested by Juicy is appropriate. Thus, the Court should enter default judgment in favor of Juicy and against each defendant in the amount of $100,000 each.

**D.   This Court Should Permanently Enjoin Defendants From Future Infringement of Juicy's Trademarks.**

In addition to statutory damages, Juicy is also entitled to a permanent injunction to prevent defendants from engaging in any future infringement of its trademarks. The Lanham Act also allows issuance of a permanent injunction to prevent any future violation of Juicy's trademarks. 15 U.S.C. section 1116(a); *see also Polo Fashions, Inc. V. Dick Bruhn, Inc.,* 793 F.2d 1132 (9th Cir. 1986)(no requirement to show threat of future harm); *see Vuitton Et Fils S.A. v. Crown Handbags* 492 F. Supp.1071,

10

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

1077(S.D.N.Y. 1979)("mere possibility of infringement is sufficient to warrant a permanent injunction"). In similar trademark infringement cases, courts routinely enter permanent injunctions against defendants in default. *See Philip Morris, supra,* 219 F.D.R. at 502; *Jackson v. Sturkie,* 255 F.Supp.2d 1096, 1011 (N.D. Cal. 2003). Where, as here, the intentional and unauthorized use of Juicy's trademarks is for commercial gain, a likelihood of future harm may be presumed. *NFL v. McBee & Burno's Inc.,* 792 F.2d 726, 729(8th Cir. 1986), citing *Sony Corp. Of Am. v. Universal City Studios, Inc.,* 464 U.S. 417, 451 (1984). "Injunctions are regularly issued pursuant to the mandate of section 502, because the public interest is in the interest in upholding copyright protections." *Arista Records,* 298 F. Supp.2d at 1314 (internal quotations omitted). "Courts also regularly issue injunctions as part of default judgments." *Id.*

In this case, defendants and each of them's willful engagement in large scale counterfeiting activity for a commercial gain are sufficient facts for this Court to issue a permanent injunction prohibiting said future activity. Thus, the Court should enter the permanent injunction submitted concurrently with the filing of this motion.

**E.     Juicy is Entitled to an Award of Attorney's Fees and Costs.**

The Lanham Act authorizes this Court to award Juicy its reasonable costs and Attorney's Fees.   15 U.S.C. section 1117(a).

The Lanham Act authorizes an award of reasonable attorney's fees to the prevailing party in "exceptional cases". 15 U.S.C. section 1117(a). The Ninth Circuit has held that "[w]hile the term 'exceptional' is not defined in the statute, attorney's fees are available in infringement cases where the acts of infringement can be characterized as malicious, fraudulent deliberate or willful. *Rio Properties, Inc. v. Rio International, Interlink,* 284 F.3d 1007, 1023 (9th Cir. 2002) citing *Playboy Enters., Inc. v. Baccarat Clothing Co.,* 692 F.2d 1272, 1276 (9th Cir. 1982). Thus, since defendants acted willfully, the Court should find this meets the Ninth Circuit's interpretation of

11

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION**

**FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

exceptional.   Defendant's willfulness, as discussed *supra,* is indisputable since defendants defaulted and consequently admitted to the willful conduct set forth in the Complaint. Moreover, "[b]y virtue of the default, the [defaulting party's] infringement is deemed willful.". *Tiffany,* 282 F. Supp.2d at 124.

As shown above and set forth in the Complaint, Defendants willfully infringed Juicy's  trademarks, thereby entitling Juicy to its attorney's fees and costs.  Juicy submits the declaration of counsel in support of its request for reasonable attorney's fees and costs incurred by Juicy in prosecuting this action against defendants in the amount of $7,350.00.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Juicy respectfully requests the Court grant its motion for entry of default judgment in its favor against the following defendants:

1.     Il Keun Oh aka James Ken Oh;

2.     Joon Yeop Kim;

3.     Elegance Fashion Mart, Inc.;

4.     Jacqueline Oh

and award statutory damages in the amount of $100,000.00 against each defendant; award attorneys fees and costs in the amount of $7,350.00; and enter a permanent injunction against each defendant restraining him/her from engaging in future infringement of Juicy's trademarks.

Dated: 6/7/10                                 GLASER, DAMONE & SCHROEDER

BY: _____
Robert P. Damone, Attorneys for Plaintiff
Juicy Couture, Inc. & L.C. Licensing

12

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION**

**FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**