UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUICY COUTURE, INC. ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> IL KEUN OH, ET AL., <br><br> Defendants. | No. CV 09-0387 CBM (PJWx) <br><br><br> PERMANENT INJUNCTION |

Pursuant to the Court's Order Granting Plaintiffs Juicy Couture, Inc.'s and L.C. Licensing, Inc.'s Motion for Default Judgment and Permanent Injunction, the Court finds that a Permanent Injunction should be issued.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

To ensure that Defendants Il Keun Oh, Jacqueline Oh, Joon Yeop Kim, and Elegance Fashion Mart, Inc. (collectively, "Defendants") do not engage in any future infringement of Plaintiffs' trademarks, JUICY (for clothing), JUICY COUTURE (for women's clothing), JUICY COUTURE (for clothing) (collectively, "the Juicy Marks"), Defendants are hereby enjoined from:

    (1) imitating, copying or making any other counterfeit distribution of Plaintiffs' items protected by Plaintiffs' registered trademarks or

    service marks, including but not limited to, the following Trademark and/or Service Mark Registration Numbers:

        a. 2,978,046

        b. 2,348,674

        c. 2,2285,231

or any other works now or hereafter protected by any of Plaintiffs' trademarks;

(2) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting or displaying any apparel, item or thing bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any of Plaintiffs' registered trademarks or service marks, including but not limited to, the Trademark and Service Mark Registration numbers listed in Paragraph (1) above;

(3) using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiffs' registered trademarks, including, but not limited to, the Trademark and Service Mark Registration numbers listed in Paragraph (1) above, in connection with the manufacture, distribution, offering for distribution, sale, offering for sale, advertisement, promotion or display of any of Plaintiffs' products, items or things not authorized or licensed by Plaintiffs;

(4) using any false designation of origin or false description which can or is likely to lead the trade or public or individuals to erroneously believe that any product, item, or thing has been manufactured, produced, distributed, offered for distribution, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Plaintiffs, when such is not true in fact;

(5) using the names, logos, or other variations thereof of any of

          Plaintiffs' trademark-protected products in Defendants' trade names;

(6) engaging any other activity constituting an infringement of any of Plaintiffs' trademarks or Plaintiffs' rights in, or right to use, or to exploit Plaintiffs' trademarks, and/or constituting any dilution of Plaintiffs' name, reputation, or goodwill; and

(7) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (1) through (6) above.

IT IS SO ORDERED.

DATED: September 10, 2010    By _____
                                             CONSUELO B. MARSHALL
                                             UNITED STATES DISTRICT JUDGE